UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SOLAR SPECTRUM LLC AND HOSOPO CORPORATION D/B/A HORIZON SOLAR POWER, | Index No. 1:18-cv-7950 |
|                 *Plaintiffs*, | |
| - against - | **COMPLAINT FOR STATUTORY INTERPLEADER** |
| AEC YIELD CAPITAL, LLC, CPF ASSET MANAGEMENT, LLC, ACE FUNDING SOURCE LLC, ARGUS CAPITAL FUNDING LLC, QUEEN FUNDING, LLC, NEW ERA LENDING, LLC, YELLOWSTONE CAPITAL WEST, LLC, and INTERNAL REVENUE SERVICE. | |
|                 *Defendants*. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Interpleader-Plaintiffs Solar Spectrum, LLC ("Solar Spectrum") and HoSoPo Corporation d/b/a Horizon Solar Power ("Horizon Solar"), by and through its undersigned counsel, for its Complaint in this action alleges as follows:

## NATURE OF THE ACTION

1. Interpleader-Plaintiffs bring this action in the nature of interpleader under 28 U.S.C. § 1335 to resolve competing claims to sums in their possession. These claims subject Solar Spectrum and Horizon Solar to multiple or inconsistent liabilities.

2. Solar Spectrum and Horizon Solar are related entities that are both in the business of installing solar systems in residential and commercial buildings throughout California.

3. In connection with their work, Solar Spectrum and Horizon Solar both entered into contracts with Syntrol Plumbing, Heating & Air, Inc. ("Syntrol") through which Syntrol acted as a subcontractor with respect to solar installation services.

4. Upon information and belief, Syntrol ceased doing business on or around February 2018.

5. Around this same time, Solar Spectrum and Horizon Solar were contacted by certain of Syntrol's creditors who notified Solar Spectrum and Horizon Solar that these creditors had filed liens on Syntrol's assets and, thus, were entitled to Syntrol's assets that were in the possession of Solar Spectrum and/or Horizon Solar.

6. In order to determine whether other creditors were claiming entitlement to Syntrol's assets, Solar Spectrum and Horizon Solar conducted lien searches on Syntrol on or around April 24, 2018 and on or around August 8, 2018.

7. The lien searches revealed that each of the named Interpleader-Defendants are claiming entitlement to all of Syntrol's assets and/or accounts receivable, including the Disputed Funds (as defined below). Interpleader-Defendants' claims are adverse and conflicting and are made without collusion.

8. Solar Spectrum currently has $143,481.40 of Syntrol's assets in its possession and Horizon Solar currently has $82,891.95 of Syntrol's assets in its possession (collectively the "Disputed Funds").

9. Solar Spectrum and Horizon Solar cannot make any payments or disbursements of the Disputed Funds to any party without the determination of the respective interests in such funds. Neither Solar Spectrum nor Horizon Solar have any interest as a claimant in the Disputed Funds and this interpleader except to the extent of reasonable attorneys' fees, costs, and

disbursements with respect to this action and the maintenance and distribution of the Disputed Funds.

10. Syntrol is subject to multiple or inconsistent liabilities for which it seeks relief through this Complaint.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335. The amount in controversy, exclusive of interest and costs, exceeds $500.00 and at least two adverse defendants are of diverse citizenship as defined in 28 U.S.C. § 1332.

12. For instance, the citizenships of adverse Interpleader-Defendants Queen Funding, LLC (based on the citizenship of its members, Florida and New Jersey) and Argus Capital Funding LLC (based on the citizenship of its members, New York) satisfy the minimal diversity requirement of 28 U.S.C. § 1335(a)(1).

13. To the extent that Solar Spectrum and Horizon Solar lack present knowledge concerning the citizenships of certain Interpleader-Defendants, that lack of present knowledge has no bearing on this Court's subject matter jurisdiction because there are at least two adverse claimants to the Disputed Funds whose known citizenship satisfies the minimal diversity requirement of 28 U.S.C. § 1335.

14. Solar Spectrum and Horizon Solar are willing and prepared to deposit the Disputed Funds into the registry of this Court pursuant to 28 U.S.C. § 1335. In fact, Solar Spectrum and Horizon Solar are prepared to file a motion and proposed order requested authorization to deposit the Disputed Funds.

15. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1397 because Interpleader-Defendant Argus Capital Funding LLC is a resident of this judicial district.

## PARTIES

16. Interpleader-Plaintiff Solar Spectrum LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 150 Linden Street, Oakland, California 94607.

17. Interpleader-Plaintiff HoSoPo Corporation d/b/a Horizon Solar Power is a corporation organized under the laws of Delaware with its principal place of business at 27368 Via Industria Suite 101, Temecula, California 92590.

18. Upon information and belief, Interpleader-Defendant AEC Yield Capital, LLC is a limited liability company organized under the laws of the State of New York with its principal place of business at One Metrotech Center North, Third Floor, Brooklyn, New York 11201.

19. Upon information and belief, Interpleader-Defendant CPF Asset Management, LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business at 201 Mission Street, Suite 1100, San Francisco, California 94105.

20. Upon information and belief, Interpleader-Defendant Ace Funding Source LLC is a limited liability company organized under the laws of the State of New York with its principal place of business at 366 North Broadway, Suite 410, Jericho, New York 11753.

21. Upon information and belief, Interpleader-Defendant Argus Capital Funding LLC is a limited liability company organized under the laws of the State of New York with its principal place of business at 104 East 25th Street, Floor 10, New York, New York 10010.

22.     Upon information and belief, Interpleader-Defendant Queen Funding, LLC is a limited liability company organized under the laws of the State of Florida with its principal place of business at 101 Chase Avenue, Suite 208, Lakewood, New Jersey 08701.

23.     Upon information and belief, Interpleader-Defendant New Era Lending, LLC, is a limited liability company organized under the laws of the State of California with its principal place of business at 762 N. Orange Street, Wilmington, DE 19801.

24.     Upon information and belief, Interpleader-Defendant Yellowstone Capital West, LLC is a limited liability company organized under the laws of the State of New York with its principal place of business at 30 Broad Street, 14th Floor Suite 1462, New York, New York 10004.

25.     Upon information and belief, Interpleader-Defendant Internal Revenue Service, is a federal agency with a place of business at 1111 Constitution Avenue N.W., Washington, D.C. 20224.

## BACKGROUND

26.     As noted above, Solar Spectrum and Horizon Solar are related entities that are both in the business of installing solar systems in residential and commercial buildings throughout California.

27.     Horizon Solar entered into a contract with Syntrol on June 21, 2017 through which Syntrol was to perform certain installation services for Horizon Solar.

28.     Horizon Solar owes Syntrol $82,891.95 for services performed by Syntrol.  These funds have not yet been paid because of the multiple creditors who are claiming superior entitlement to Syntrol's assets.

29. Solar Spectrum entered into a contract with Syntrol on December 4, 2017 through which Syntrol was to perform certain installation services for Solar Spectrum.

30. Solar Spectrum owes Syntrol $143,481.40 for services performed by Syntrol. These funds have not yet been paid because of the multiple creditors who are claiming superior entitlement to Syntrol's assets.

31. On or around February 2018, Solar Spectrum and Horizon Solar ceased doing business with Syntrol because, upon information and belief, it was no longer an operating entity.

32. On or around February 2018, Solar Spectrum received an information subpoena and restraining notice from one of Syntrol's creditors, Queen Funding, LLC (the "Subpoena"). The Subpoena requested that Solar Spectrum provide information regarding Syntrol's financial condition as well as mandated that, pursuant to New York's Civil Practice Laws and Rules Section 5524, cease disbursing payments to Syntrol for past due amounts for Syntrol's services. Instead, Queen Funding, LLC stated that it was entitled to the sums owed to Syntrol.

33. On or around February 2018, Horizon Solar received a UCC lien notice from counsel for Queen Funding, LLC stating that Queen Funding, LLC was entitled to any and all sums due and owing to Syntrol (the "Lien Notice") until it recovered $197,907.61 of Syntrol's assets.

34. Though the Lien Notice was deficient in a number of respects, Horizon Solar ceased making payments to Syntrol once it received the Lien Notice. Similarly, Solar Spectrum ceased making payments to Syntrol once it received the Subpoena.

35. After receiving the Lien Notice and Subpoena, Solar Spectrum and/or Horizon Solar received notices from certain of Syntrol's other creditors demanding that Solar Spectrum and/or Horizon Solar cease making payments to Syntrol.

36. On or about April 24, 2018 and on or about August 8, 2018 Solar Spectrum and Horizon Solar conducted a lien search on Syntrol in order to determine the total number of creditors who had filed liens with respect to Syntrol's assets.

37. All of the entities named in this Complaint are those that claim entitlement to all of Syntrol's assets and/or accounts receivable. Those entities that only filed more limited lien notices, such as concerning Syntrol's equipment, have not been named in this Complaint because these entities are not requesting funds that are in the possession of Horizon Solar or Solar Spectrum.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Solar Spectrum and Horizon Solar, respectfully request that this Court adjudge that:

38. Interpleader-Defendants are permanently restrained and enjoined from instituting or prosecuting any proceeding against Solar Spectrum or Horizon Solar for recovery of Syntrol's assets in the amount of $226,373.35 pursuant to 28 U.S.C. § 2361;

39. Interpleader-Defendants are required to interplead and settle among themselves their rights to Syntrol's assets in Solar Spectrum and/or Horizon Solar's possession pursuant to 28 U.S.C. § 1335;

40. Solar Spectrum and Horizon Solar are discharged of all liability in connection with the Disputed Funds;

41. Solar Spectrum and Horizon Solar are awarded attorneys' fees, costs, and any other relief that the Court deems proper; and

42. Solar Spectrum and Horizon Solar are awarded any and all other relief to which they may be justly entitled.

Dated: New York, New York
       August 30, 2018

                                Respectfully submitted,

                                **EVERSHEDS SUTHERLAND (US) LLP**

                                By: /s/ Peter Ligh
                                     Peter Ligh
                                     Sarah Chaudhry
                                     1114 Avenue of the Americas, 40th Floor
                                     New York, New York 10036
                                     (212) 389-5000

                                *Attorneys for Solar Spectrum, LLC and HoSoPo Corporation d/b/a Horizon Solar Power*